### Heirs of Ramón Cesaní, Appellant, *v.* Registrar of Property of Mayagüez, Respondent.

No. 1013. Submitted January 10, 1938.—Decided February 2, 1938.

*Enrique Báez García* for appellant. The registrar did not appear.

Mr. Justice Travieso delivered the opinion of the Court.

Domingo Torres Bellido, while owner of a tract of land of one and a half *cuerdas,* with a wooden house thereon, constituted two mortgages for $150 and $175, respectively, in favor of Ramón Cesaní Urbano.

After the death of Mr. Cesaní, the creditor, the debtor Torres Bellido agreed with the widow and children of the deceased to convey to them the property in satisfaction of the two mortgages. In accordance with the agreement, the parties executed a public deed on May 18, 1937, by which Torres Bellido and his wife conveyed the property to the widow and children of the creditor, who accepted the conveyance in satisfaction of the $325 secured by the two mortgages, delivering to the vendor a formal receipt for that

amount and agreeing that the two mortgages be cancelled by confusion of rights. When this deed was presented to the registry, its record was denied by the substitute registrar of Mayagüez for the reasons set forth in the following note, from which the present appeal has been taken:

"Record is denied to this document, which is deed number 94, executed in Mayagüez on May 18, 1937, before notary Enrique Báez García, covering a conveyance of a rural property in satisfaction of mortgages and the cancellation of the latter, presented to me with other documents. In lieu thereof, a cautionary note has been made for the legal period in favor of the purchasers, at folio 35 reverse of volume 90 of Mayagüez, property number 3889, note A. Record is denied for the reason that what is involved is a conveyance made by the mortgage debtor to the heirs of the deceased creditor Ramón Cesaní Urbano, of mortgaged real estate, there being among the heirs a minor by the name of Estrella Cesaní, whose mother, the widow of the deceased, appears on her behalf. In view of the fact that in conveying the property in satisfaction of the mortgages, the mortgages are cancelled, which is the consideration for the contract, this conveyance amounts to a contract of sale, and the cancellation of the mortgages amounts to a true alienation (*Benítez Hnos.* v. *Registrar,* 17 P.R.R. 221 and *Quiñones* v. *Registrar,* 20 P.R.R. 134 ); and, this being the case, the said minor may not contract and her mother may not, without prior judicial authorization, consent on her behalf to the transactions set forth in the said deed."

The appellants aver that the document was presented with a petition in which the registrar was asked to record the deed of conveyance in satisfaction of the mortgage solely with respect to the conveyance, leaving subsisting the record of the mortgage credits for which cancellation would be asked opportunely. As fundamental grounds for the appeal they maintain:

1. That the registrar should have recorded the document as to the conveyance, leaving the mortgages subsisting.

This contention is without merit. One who acquires a real property cannot be at the same time owner of the property and mortgage creditor. When the conveyance is made, the

mortgage is extinguished by confusion of rights, by operation of law and without the necessity of any act by the parties. The registrar cannot record the conveyance to the creditor and keep alive in the registry his rights as such mortgage creditor. His duty is to record the conveyance and to cancel the encumbrances which has been extinguished as a result of the conveyance, so that the registry of property may be at all times and above all a faithfull reflection of the true status of the property. A conveyance in satisfaction of an encumbrance and the release of the latter are inseparable, and neither the registrar nor the contracting parties may avoid the legal consequences of the conveyance, by recording the latter and failing to record the cancellation of the mortgage.

■ 2. That the registrar should have recorded the document as to the co-ownerships of the heirs who are of age and of the widow.

The appellant heirs José Antonio, Ricardo, Rosa Milagros, and Eugenio Bernardo Cesaní y Nieto, and the widow Venancia Nieto, are all of age, and have legal capacity to contract. The minor Carmen María Cesaní y Nieto was emancipated by her mother at the age of 18, by deed of January 22, 1937, and appeared in the deed of conveyance with the consent of her mother. Each of the heirs received an undivided one-seventh interest in the mortgage credits left at the death of their predecessor Ramón Cesaní y Urbano, one-seventh going to the widow as her usufructuary share. The four children who are of age, the widow, and the emancipated minor are legally capable of accepting, in satisfaction of their undivided interests in the mortgage credits constituted in favor of the decedent, a conveyance of the mortgaged property. They are also entitled to require the registrar to record in their favor their respective interests in the property so conveyed to them.

The respondent erred in refusing to record as to the respective interests of these six appellants, and as to them his note must be reversed.

■ That the registrar should have recorded the document as to the minor Estrella Cesaní y Nieto as being perfectly admissible to record.

Appellants seek to distinguish this case from that of *Quiñones* v. *Registrar,* 20 P.R.R. 134, in which it was held that in accordance with Section 282 of the Civil Code as amended by Act No. 33 of March 9, 1911, a tutor is not authorized to accept, without previous judicial authorization, a mortgaged property in payment of a mortgage credit and to cancel the mortgage; that the delivery of property in payment of a debt is equivalent to a contract of sale; and that the cancellation of a mortgage is the same as an actual alienation. The only differences which have been pointed out are: first, that in the case of *Quiñones* v. *Registrar, supra,* the tutor not only accepted the conveyance in satisfaction of the mortgage, but had also to complete the consideration for the conveyance by delivery of money belonging to the minors, a fact which is not in this case; and, second, that the provisions of Section 282 of the Civil Code are applicable to tutors but not to parents, who by reason of the *patria potestas* have a greater freedom of action as to the management and administration of the minor's property.

Both of the alleged distinctions are without merit. It is true that in this case the mother of the minor made no payment whatever in cash from funds of the minor, but it is also true that in the deed of conveyance in satisfaction of the mortgage the mother of the minor executed a formal release to the debtor, which is the same as a waiver in favor of the debtor of the right which the minor would have had to require the debtor to pay any deficiency that there might have been in case of foreclosure of the mortgage by reason of the insufficiency of the mortgage property as security for the payment of the principal obligation, to which the mortgage is subsidiary. This waiver is a consideration quite as valuable and effective as though a payment in cash had been made from funds of the minor.

Section 229 of the Civil Code, as amended by Act of March 14, 1907 (Laws, p. 284), provided:

"The exercise of the patria potestas does not authorize the father or mother to alienate or burden real property which in any manner belongs to the child, and over which either of them have the administration, except after securing judicial authorization, which shall be accorded by the District Court of the Judicial District where said property is situated, upon proof being furnished as to the necessity or utility of such transfer or burden. *The aforesaid judicial authorization shall not be required of the father or mother as the case may be, in order to receive the payment of an indebtedness due to the child, or to cancel any lien or mortgage securing the same.*" (Italics supplied).

Construing this Section, this Supreme Court held in *Benítez Hermanos* v. *Registrar,* 17 P.R.R. 221, that a mother with *patria potestas* over a minor might cancel a real right created in favor of the minor, without the necessity of judicial authorization.

By act of March 9, 1911 and of April 28, 1930, this Section of the Civil Code was again amended to read as follows:

"The exercise of the 'patria potestas' does not authorize the father or the mother to alienate or lay any encumbrance upon real property of any class whatever, or upon personal property, the value of which exceeds five hundred dollars, pertaining to the child and which may be under the administration of its parents, without the previous authorization of the district court wherein the property is situate and the demonstration of the necessity and utility of the alienation or encumbrance and in accordance with the provisions of the law relative to special legal proceedings.

"Notwithstanding the prescriptions of the preceding paragraph, no judicial authorization shall be required for the sale of fruits yielded by an agricultural property at its last crop.

"For the execution of contracts for the lease of real property, including those of advances for agricultural purposes and grinding of cane authorized by the Act of March 10, 1910, covering a longer period than six years, the authorization provided for in the preceding paragraph shall also be required; but in no case shall the con-

tract be entered into nor the authorization granted for a lease covering a period of time in excess to that required by the child, not otherwise incapacitated, to become of age.'"

See: Compilation of 1911, p. 618; Section 159 Civil Code 1930.

From a comparison of both texts it is apparent that the legislature in 1911 eliminated from the text approved in 1907, the words which we have shown in italics, thus manifesting its intention of requiring judicial authorization in order that a father or mother of a minor might collect or cancel any encumbrances created in favor of a minor. The legislature has sought to impose upon the parents of a minor restrictions similar to those imposed upon guardians by Section 282 of the Civil Code. As a result, neither is authorized to accept a conveyance in satisfaction of, or to cancel, a mortgage credit, acts which amount to actual alienations, without prior judicial authorization of a district court.

For the foregoing reasons, the decision of the registrar must be reversed in so far as it denies record to the participations in the property so conveyed in satisfaction belonging to the appellants who are of age, and the registrar must be directed to record the participations belonging to Venancia Nieto, widow of Cesaní, and to each of the children, José Antonio, Ricardo, Bernardo, Milagros, and Carmen María Cesaní y Nieto, in accordance with the terms of the deed giving rise to the decision appealed from. The decision of the registrar is affirmed in so far as it denies record as to the interests of the minor Estrella Cesaní y Nieto.

Mr. Justice Córdova Dávila took no part in the decision of this case.